ORANGE IRON WORKS v. STAFFORD.
(No. 6811.)

(Court of Civil Appeals of Texas. Galveston. April 28, 1915. Rehearing Denied May 27, 1915.)

1. BILLS AND NOTES ⬤⟼429—LIABILITY OF MAKER—PAYMENT.

The receiver of an exchange, which, without consideration, had received defendant's note for $150 and had given him credit therefor on its books, and had transferred it to a bank which had loaned it money, and paid the amount of the note to the bank at a time when indebted to defendant for a greater amount, and thereupon charged defendant the amount of the note, but which had failed to return it to defendant on the ground that it had been lost, could not recover on the note.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1245–1250, 1262, 1263; Dec. Dig. ⬤⟼429.]

2. SALES ⬤⟼202—TITLE AND RIGHT OF POSSESSION.

Plaintiff ordered goods to be manufactured by defendant and shipped to a named consignee, for which defendant was to receive a certain amount, which he charged to plaintiff, and after the goods had been shipped and refused by the consignee defendant, without consulting plaintiff, paid the freight charges, resold some of the goods, and reshipped the remainder to his factory, crediting plaintiff with the amount which he was to receive therefor. Held, that the title to the goods had not passed to plaintiff, that defendant was authorized to take possession and dispose of them, and that plaintiff was not entitled to recover their value without paying defendant the contract price, found to be the amount the goods were worth.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 542–551; Dec. Dig. ⬤⟼202.]

Appeal from Jefferson County Court; R. W. Wilson, Judge.

Action by R. R. Stafford, receiver, against the Orange Iron Works. Judgment for plaintiff, and defendant appeals. Reversed, and judgment rendered for defendant.

Bisland & Bruce, of Orange, for appellant. Jas. A. Harrison, of Beaumont, for appellee.

PLEASANTS, C. J. This suit was brought by appellee, as receiver for the Lumbermen's Machinery & Equipment Exchange, against C. W. McFarlane, sole owner of the Orange Iron Works, under which name and style he conducted a manufacturing business in the city of Orange. The cause of the action is alleged in the petition as follows:

"That heretofore, to wit, on or about December 12, 1911, the defendant made, executed, and delivered for a valuable consideration to the Lumbermen's Machinery & Equipment Exchange his certain promissory note of said date, in the sum of $150, due 30 days after date, payable to the order of Lumbermen's Machinery & Equipment Company, at First National Bank

of Beaumont, Tex., with interest from date at the rate of 8 per cent. per annum and 10 per cent. additional as attorney's fees if not paid at maturity and collected by an attorney or by legal procedure. That there is no such concern as Lumbermen's Machinery & Equipment Company, but said note was intended to be payable to the Lumbermen's Machinery & Equipment Exchange, and was so written by mistake. That the Lumbermen's Machinery & Equipment Exchange furnished the consideration for said note for the owner thereof, and same was delivered to the Lumbermen's Machinery & Equipment Exchange, whereby the defendant bound itself and became liable to pay to said Lumbermen's Machinery & Equipment Exchange, and to this plaintiff, as receiver thereof, the said note according to its legal tenor and effect, and, though ofttimes demanded, the defendant has failed and refused to pay the same or any part thereof, to plaintiff's damage $200.

"The plaintiff shows further that Lumbermen's Machinery & Equipment Exchange had shipped to the Industrial Lumber Company, in the state of Louisiana, certain goods, wares, and merchandise of the value of $397.90; that the Industrial Lumber Company refused to accept or receive said goods, wares, and merchandise, and the defendant, without legal right or authority, took possession of all of same, and converted and appropriated same to its own use and benefit during the month of September, A. D. 1912; that though ofttimes requested and demanded, the defendant has failed to deliver said goods, wares, and merchandise to the plaintiff, and has failed to account to plaintiff for the value thereof, to plaintiff's damage $400; that said goods, wares, and merchandise, when received and converted by the defendant, were of the reasonable market value of $400.

"Premises considered plaintiff prays for citation to the defendant, and, on hearing, for judgment for its debt and damages aggregating the sum of $600, and for all costs and for general relief."

The defendant pleaded, in substance, that the note sued on was executed for the purpose of enabling the Lumbermen's Machinery & Equipment Exchange to borrow money thereon for its own use and benefit, and defendant received no consideration therefor; that when said note was executed said Exchange was indebted to defendant and has been so indebted to him ever since said date; that immediately after the execution of the note it was transferred to the First National Bank of Beaumont, and upon its maturity was paid by said Exchange; that when said note was executed the Exchange gave defendant credit upon its books for the amount of the note, and when it was paid by the Exchange defendant was charged with said amount, and said note should have been then delivered to defendant, but the officers of said Exchange informed defendant that the note had been lost or misplaced and for that reason it was not delivered to him.

In answer to the second count in the petition the defendant pleaded:

"That on the —— day of December, 1911, said Exchange directed this defendant to manufacture and ship to the Industrial Lumber Company at Oakdale, La., certain goods, wares, and merchandise, amounting to the value of $311.24, the items of which are set out and fully described in Exhibit A, hereto attached and made a part hereof. That this defendant, in pursuance of said instructions, manufactured and shipped to the said Industrial Lumber Company, at Oakdale, La., on the —— day of ——, 1912, the goods described in said exhibit; that on the —— day of ——, 1912, he was notified by the Gulf, Colorado & Santa Fé Railway Company that said goods were in their freight depot at Oakdale, and that the same would be sold to pay the freight charges thereon, and the Industrial Lumber Company, to whom said goods were consigned by this defendant by order of said Exchange, refused to receive said goods, and the defendant, for the purpose of protecting the rights of all parties herein, paid the freight thereon and had the goods reshipped to Orange, the initial point of shipment, and defendant says that he is ready, willing, and able to deliver said goods to the said Exchange at such time and whenever said Exchange will pay to him the value of said goods. That he is not indebted to the said Exchange, and neither was he indebted to said Exchange at the time of the said shipment to the Industrial Lumber Company of said goods, but that since said shipment of said goods this defendant, to preserve the same, has not only been required to pay the freight on said shipment to Oakdale, but to prepay the freight on said shipment back from Oakdale, which freight charges amounted to the sum of $53.93, and that plaintiff, among other things, is justly indebted to him in said sum, and of all the foregoing the defendant puts himself upon the country, and asks judgment of the court."

The trial in the court below without a jury resulted in a judgment in favor of plaintiff for the sum of $331.75.

[1] We have read the entire statement of facts and our conclusion is that all of the material allegations of defendant's answer are sustained by the undisputed evidence.

W. B. Greeves, who was manager for the Exchange before it went in the hands of the receiver, testified that the $150 note has never been paid by defendant, but he further testified that when the note was executed defendant was given credit for the amount upon the books of the Exchange, and when the Exchange paid the amount of the note to the bank and received the note defendant was charged with said sum. The evidence further shows, without contradiction, that at the time the amount due on this note was paid to the bank by the Exchange, on January 12, 1912, said Exchange owed the defendant, according to its books, the sum of $241. On February 1, 1912, the amount due the defendant by the Exchange was $292.32, and on May 1, 1912, $362.47. The testimony of the defendant that Greeves and other officers of the Exchange informed him that the note was lost and for that reason had not been returned to him, and that when found it would be sent to him, is not denied.

[2] The evidence in regard to the articles which the defendant is charged to have converted is also uncontradicted. These articles, which consisted of dolly wheels, dry kiln trucks, and other sawmill supplies, were manufactured by defendant upon order of the Exchange and shipped to the Industrial Lumber Company at Oakdale, La. The defendant was to receive for these goods $311.24, which amount he charged to the Exchange. Some time after the goods were shipped defendant

learned that they had been refused by the Lumber Company and were about to be sold by the railroad for freight and demurrage charges. He thereupon without, it seems, consulting the Exchange, paid the freight charges, resold some of the goods, and reshipped the remainder to his factory at Orange. When he took these goods back he credited the Exchange with the $311.24 due him therefor.

We do not think that upon these facts it can be held that the title to the goods passed to the Exchange, and defendant was not authorized to take possession and dispose of them. The Exchange would not be entitled to recover the value of the goods from defendant without paying him the contract price therefor, and the trial court finds that the goods were only worth the amount the Exchange agreed to pay defendant therefor.

We think the judgment in favor of the plaintiff is without any evidence to support it. It follows that the judgment should be reversed, and judgment here rendered for the appellant; and it has been so ordered.

Reversed and rendered.